## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN RE: ASBESTOS LITIGATION

CLARENCE DIONNE,                )
                               )
          Plaintiffs,           )
                               )
     v.                         )
                               )          C.A. No. N14C-11-062 ASB
ABB, INC., et al.,              )
                               )
          Defendants.           )
                               )
                               )
                               )

July 12, 2017

*Upon Defendant Cleaver-Brooks, Inc.*
*Motion for Summary Judgment*.  **DENIED**.


Defendant Cleaver-Brooks cannot satisfy the summary judgment criteria on the issues of causation.[1]  Plaintiff, Clarence Dionne, alleges that he was exposed to Defendant's asbestos-containing boilers while working at Bay Area Medical Center.  The contested exposure in this case is limited to the replacement of rope gaskets on the doors of Defendant's boilers and the boiler insulation. Plaintiff testified that he scraped off the rope gaskets and supervised this task as well.  He

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at \*3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

believed that the rope gaskets contained asbestos. He testified that he scraped off the rope gaskets at least once a year. Plaintiff recalls doing this work himself about eight times, and supervising others changing gaskets another eight times. When Plaintiff was promoted to department head in 1975, part of his responsibilities included ordering replacement parts. He testified that he ordered the replacement parts through his secretary. He also testified that the replacement rope gaskets and replacement insulation came from Cleaver-Brooks, and he was aware of this because he placed the orders through his secretary. Plaintiff also removed and replaced white insulation inside the boiler door twice, however he was not present for the entire process the second time. Removal and replacement of the insulation took approximately seven hours. Additionally, Plaintiff provided evidence that Cleaver-Brooks sold boilers that contained asbestos components including asbestos gaskets and rope through the late 1970s, and Cleaver-Brooks sold replacement asbestos-containing parts. Defendant argues that Plaintiff only speculates that the replacement parts contained asbestos, and that Plaintiff was unaware of the maintenance history of the two Cleaver-Brooks boilers at issue.

Wisconsin law is the applicable substantive law in this matter. Under Wisconsin law, a plaintiff must prove that the alleged defect in the defendant's

product was a cause of the plaintiff's injury or damage.[2] The test of causation in Wisconsin is whether the defendant's negligence was a substantial factor in contributing to the result.[3] A substantial factor is such that "the defendant's conduct has such an effect in producing the harm as to lead the trier of fact, as a reasonable person, to regard it as a cause, using the word in the popular sense."[4] Defendant argues that Plaintiff's exposure to Cleaver-Brooks rope gaskets and poured insulation cannot amount to a substantial factor under Wisconsin law. Defendant argues that because Plaintiff does not know whether the parts he worked with contained asbestos, a reasonable jury would have to speculate that the products contained asbestos.

Viewing the facts in a light most favorable to Plaintiff, Plaintiff has presented evidence that a reasonable juror could infer Plaintiff was exposed to asbestos from Defendant's boilers. Plaintiff provided evidence that Cleaver-Brooks incorporated asbestos-gaskets and rope in parts of their boilers up though the late 1970s. Plaintiff also provided evidence that Cleaver-Brooks sold replacement asbestos-containing parts such as gaskets, cement, and rope. Further, Plaintiff was responsible for ordering the replacement parts for these boilers and he testified that he ordered the parts from Cleaver-Brooks. Plaintiff stated that he spent

---

[2] *Morden v. Continental AG*, 611 N.W.2d 659 (Wis. 2000); *Zielinski v. A.P.Green Indus., Inc.*, 661 N.W.2d 491 (Ct. App. Wis. 2003).
[3] *Merco Distrib. Corp. v. Commercial Police Alarm Co.*, 267 N.W.2d 652, 654 (Wis. 1978).
[4] *Zielinski*, 661 N.W.2d at 496.

approximately twenty minutes changing gaskets, and he changed about eight gaskets himself, and supervised eight more gasket changes. Plaintiff also demonstrated that it took hours to remove and replace insulation in the boilers. A reasonable jury could infer that Defendant's asbestos products were a substantial factor in causing Plaintiff Clarence Dionne's injuries. Therefore, Defendant Cleaver-Brook's Motion for Summary Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

The Honorable Calvin L. Scott, Jr.